**POULIN | WILLEY | ANASTOPOULO, LLC**
Eric M. Poulin (California State Bar No. 298476)
   *eric.poulin@poulinwilley.com*
Paul J. Doolittle (*Pro Hac Vice* Forthcoming)
   *paul.doolittle@poulinwilley.com*
32 Ann Street
Charleston, SC 29403
Telephone: (803) 222-2222
Fax: (843) 494-5536

**YANNI LAW APC**
John C. Bohren (California State Bar No. 295292)
145 South Spring Street, Suite 850
Los Angeles, CA 90012
Telephone: (619) 433-2803
Fax: (800) 867-6779
*yanni@bohrenlaw.com*
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **THOMAS DURST, individually and on behalf of all others similarly situated,**<br><br>        **Plaintiffs,**<br><br>  **vs.**<br><br>**HATCH BABY, INC.**<br><br>    **Defendants.** | **Case No.: 2:24-cv-06307**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**(1) Unjust Enrichment**<br>**(2) Breach of Express Warranty**<br>**(3) Breach of Implied Warranty**<br>**(4) Breach of Implied Warranty of Merchantability**<br>**(5) Fraudulent Concealment**<br>**(6) Strict Liability- Failure to Warn**<br>**(7) Strict Liability- Design Defect**<br>**(8) Negligent Failure to Warn**<br>**(9) Negligent Design Defect**<br>**(10) Negligence**<br>**(11) Violation of Cal. Bus. And Prof. Code §17200, et seq.**<br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

1

1

2

## CLASS ACTION COMPLAINT

3      Plaintiff Thomas Durst ("Plaintiffs") bring this Class Action Complaint

4  against Defendant, Hatch Baby, Inc., ("Defendant") individually and on behalf of all

5  others similarly situated, and alleges, upon personal knowledge as to Plaintiffs' own

6  actions and to counsels' investigation, and upon information and belief as to all other

7  matters, as follows:

8

## NATURE OF THE ACTION

9      1.      Plaintiffs bring this class action lawsuit on behalf of themselves, and all

10  others similarly situated who purchased Hatch Baby 1st Generation Sound Machine

11  devices[1] (the "Product") which were unfit for their intended use because the

12  product's power adapter can come off when removing them from the power outlet,

13  leaving the power prongs exposed and posing a shock hazard to consumers.[2]

14      2.      The Product is formulated, designed, manufactured, advertised, sold,

15  and distributed by Defendant or its agents to consumers, including Plaintiffs, across

16  the United States:

17          The product is described as follows:

18          "The Power Adapters part of the recall and sold with some units of the

19          Rest 1st Generation Sound Machine have a model number CYAP05

20          050100U. The adapters have a white rectangular plastic housing that

21          plugs directly into the wall socket. The model number, amps ("1.0A"),

22          "Jiangsu Chenyang Electron Co. LTD", and "Made in China" are

23

24

25

---

26      [1] https://www.nbcnews.com/business/consumer/rest-1st-generation-sound-machine-recall-power-adapters-hatch-baby-rcna160165 (last accessed on July 18, 2024)

27      [2] https://www.hatch.co/adapter-recall (last accessed on July 18, 2024)

28  CLASS ACTION COMPLAINT          2

printed in black near the prongs on the power adapter. The power adapter was not sold separately".[3]

3.     Each of the products was manufactured by Defendant, distributed to other corporations and then sold to consumers across the United States. The products were sold from January 2019 through September 2022 primarily on Hatch.co, Amazon.com, and at BuyBuyBaby, Target, Walmart, Nordstrom, Pottery Barn Kids and BestBuy stores nationwide and from January 2019 through May 2024 on Amazon.com.[4]

4.     Through marketing and sale, Defendant represented that the Products are safe and effective for their intended use as a low background sound machine to prevent distractions, encourage focus and help babies sleep at night.

5.     Other manufacturers formulate, produce, and sell non defective sound machines with formulations and production methods that do not cause the product to shock the user, which is evidence that this shock hazard risk inherent with Defendant's Products is demonstrably avoidable.

6.     Feasible alternative formulations, designs, and materials are currently available and were available to Defendant at the time the Products were formulated, designed, and manufactured.

7.     At the time of their purchases, Defendant didn't notify Plaintiff, and similarly situated consumers, of the Product's risk of shock hazard through the product labels, instructions, ingredients list, other packaging, advertising, or in any other manner, in violation of the state and federal law.

---

[3] https://www.cpsc.gov/Recalls/2024/Hatch-Baby-Recalls-Power-Adapters-Sold-with-Rest-1st-Generation-Sound-Machines-Due-to-Shock-Hazard?utm_campaign=recalls&utm_content=M1&utm_medium=email&utm_source=govdelivery&utm_term=20240703 (last accessed on July 18, 2024)
[4] *Id.*

CLASS ACTION COMPLAINT                    3

8.     Plaintiff purchased the Product, while lacking the knowledge that Product could shock those who use the product, thus causing serious harm to those who use such Products.

9.     Because Plaintiff was injured by the Products and all consumers purchased the worthless and dangerous Products, which they purchased under the presumption that the Products were safe, they have suffered losses.

10.    As a result of the above losses, Plaintiff seeks damages and equitable remedies.

## PARTIES

11.    Plaintiff Thomas Durst is a resident and citizen of Charleston, South Carolina.

12.    Plaintiff purchased the Products in or around the years 2019 & 2021.

13.    Defendant is as California based corporation that specializes in the sale of Sound Machines to help People of all ages and stages develop and maintain natural & healthy sleep habits.

14.    Defendant produces, markets and distributes Sound Machines. [5]

15.    Defendant has its headquarters at 2400 Geng Road, Suite 120 Palo Alto, California, 94303.

16.    Upon information and belief, the planning and execution of the advertising, marketing, labeling, packaging, testing, and/or corporate operations concerning the Products, and the claims alleged herein was primarily carried out at Defendant's headquarters and facilities within California.

## JURISDICTION AND VENUE

17.    This Cort has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) because: (1) there are 100 or more putative Class Members, (ii) the

---

[5] https://www.hatch.co/ (last accessed July 18, 2024)

CLASS ACTION COMPLAINT                    4

aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, and (iii) there is minimal diversity because Plaintiff and Defendant are citizens of different states.

18.     This Court has personal jurisdiction over Defendants because Defendants have purposefully availed themselves of the laws, rights, and benefits of the State of California. Defendants are headquartered in California and gave engaged in activities including (i) directly and/or through its parent companies, affiliates and/or agents providing services throughout (ii) conducting substantial business in this forum; and/or (iii) engaging in other persistent courses of conduct and/or deriving substantial revenue from services provided in California and in this judicial District.

19.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (a)(1) because substantial part of the events giving rise to this action occurred in this District. Moreover, Defendants are based in this District.

## FACTUAL ALLEGATIONS

20.     Defendant is a well – established corporation known for its production, distribution, and importation of sound machine related products, including the Products at hand.

### The Products

21.     The Products at hand are sound machines made for daily use for the benefit of babies, children and adults but is specially targeted as a safe product to be used for babies and children[6].

22.     Unfortunately, the Products have a risk of shock hazard due to a defect on the power adapter that can cause serious health effects in humans.

---

[6] https://www.hatch.co/blog/sound-machine-safety-baby (last accessed on July 18, 2024)

CLASS ACTION COMPLAINT                    5

23.    In more detail, these Products are sound machines, as seen below[7]:



Rest 1st Generation Sound Machine sold with recalled Power Adapter

---

[7] https://www.cpsc.gov/Recalls/2024/Hatch-Baby-Recalls-Power-Adapters-Sold-with-Rest-1st-Generation-Sound-Machines-Due-to-Shock-Hazard?utm_campaign=recalls&utm_content=M1&utm_medium=email&utm_source=govdelivery&utm_term=20240703 (last accessed on July 18, 2024)

CLASS ACTION COMPLAINT            6

1
2
3
4
5
6
7
8
9
10



Recalled Power Adapter for Rest 1st Generation Sound Machines

11
12
13
14
15
16
17
18
19
20
21
22
23



Location of model number on recalled adapter

24
25
26
27
28

CLASS ACTION COMPLAINT            7

**Defendant's Misrepresentations and Omissions are Actionable**

24.     Plaintiff bargained for a sound machine that was safe to use. Defendant's Products were, and still are, unsafe due to the shock hazard because of the defective power adapter that can be found in many of the Products.

25.     As a result of the risk of shock hazard, Plaintiff, and all others similarly situated, were deprived the basis of their bargain given that Defendant sold them a product containing a defect in the power adapter.

26.     This dangerous shock hazard risk inherent to the Products renders them unmerchantable and unfit for their normal intended use as a safe to use sound machine.

27.     The Products are not fit for their intended use by humans as they expose consumers to shock hazard risk.

28.     Plaintiff seeks to recover damages because the Products are adulterated, defective, worthless, and unfit for safe human use due to the shock hazard contained within the Products.

29.     Defendant engaged in fraudulent, unfair, deceptive, misleading, and/or unlawful conduct stemming from its omissions surrounding the risk of shock hazard affecting the Products.

30.     Indeed, no reasonable consumer, including Plaintiff, would have purchased the Products had they known of the material omissions of material facts regarding the possibility of risk of shock hazard.

## PLAINTIFF'S FACTUAL ALLEGATIONS

31.     Plaintiff bought a Rest 1st Generation Sound Machine for personal household, that being use as a sound machine to help his child sleep, near his residence in Charleston, South Carolina.

CLASS ACTION COMPLAINT                    8

32.   On the date of the Product's recall by Defendant, July 3, 2024, Plaintiff was in possession of Defendant's product.

33.   Plaintiff intended to buy a sound machine for normal household use, but instead received a sound machine with a defective power adapter that exposed them to a risk of shock hazard.

34.   Nowhere on the Product's packaging did Defendant disclose that the Products could present a risk of shock hazard to the user.

35.   If Plaintiff had been aware of the risk of shock hazard in the Products, he would not have purchased the Products, or would have paid significantly less.

36.   As a result of Defendant's actions, Plaintiff has incurred damages.

37.   If the Products and packaging were reformulated to be safe and avoid risk of shock hazard, Plaintiff would choose to purchase the Products again in the future.

## CLASS ACTION ALLEGATIONS

38.   Plaintiffs brings this nationwide class action on behalf of themselves and on behalf of all others similarly situated pursuant to Rule 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure.

39.   The Class that Plaintiffs seeks to represent is defined as follows:

**Nationwide Class:** All individuals residing in the United States who purchased the Rest 1st Generation Sound Machine within January 2019 through May 2024, and the Model Number of the Power Adapter is CYAP05 050100U.

**South Carolina Subclass:** All individuals residing in South Carolina who purchased the Rest 1st Generation Sound Machine within January 2019 through May 2024, and the Model Number of the Power Adapter is CYAP05 050100U.

CLASS ACTION COMPLAINT                    9

40.     Collectively, the Nationwide Class and South Carolina Subclass are referred to as the "Classes" or "Class Members."

41.     Excluded from the Classes are the following individuals and/or entities: Defendants and Defendants' parents, subsidiaries, affiliates, officers and directors, and any entity in which Defendants have a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

42.     Plaintiffs reserve the right to amend the definitions of the Classes or add a Class or Subclass if further information and discovery indicate that the definitions of the Classes should be narrowed, expanded, or otherwise modified.

43.     **Numerosity** – Federal Rule of Civil Procedure 23(a)(1). The Classes numbers at least in the thousands of persons. As a result, joinder of all Class members in a single action is impracticable. Class members may be informed of the pendency of this class action through a variety of means, including, but not limited to, direct mail, email, published notice, and website posting.

44.     **Existence and Predominance of Common Questions of Law and Fact** – Federal Rules of Civil Procedure 23(a)(2) and 23(b)(3). There are questions of fact and law common to the Classes that predominate over any question affecting only individual members. Those questions, each of which may also be certified under Rule 23(c)(4), include without limitation:

a. whether Defendant's advertising, merchandising, and promotional materials directed to Plaintiff were deceptive regarding the risks posed by Defendant's Products;

CLASS ACTION COMPLAINT                     10

b. whether Defendant made representations regarding the safety of the Products;

c. whether Defendant omitted material information regarding the safety of the Products;

d. whether Defendant's Products were merchantable;

e. whether Defendant violated the consumer protection statutes invoked herein;

f. whether Defendant's conduct alleged herein was fraudulent; and

g. whether Defendant was unjustly enriched by sales of the Products.

45.    The questions set forth above predominate over any questions affecting only individual persons concerning sales of Defendant's Products throughout the United States and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to the other available methods for the fair and efficient adjudication of Plaintiff's claims.

46.    **Typicality** – Federal Rule of Civil Procedure 23(a)(3). Plaintiff's claims are typical of those of the Classes in that the Class members uniformly purchased Defendant's Products and were subjected to Defendant's uniform merchandising materials and representations at the time of purchase.

47.    **Superiority** – Federal Rule of Civil Procedure 23(b)(3). A class action is the appropriate method for the fair and efficient adjudication of this controversy. The presentation of separate incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Class members to protect their

CLASS ACTION COMPLAINT          11

interests. In addition, it would be impracticable and undesirable for each member of the Classes who suffered an economic loss to bring a separate action. The maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

48.     **Adequacy** – Federal Rule of Civil Procedure 23(a)(4). Plaintiff is an adequate representative of the Classes because he is a member of the Classes, and his interests do not conflict with the interests of the Classes that he seeks to represent. The interests of the members of the Classes will be fairly and adequately protected by Plaintiff and his undersigned counsel.

49.     **Insufficiency of Separate Actions** – Federal Rule of Civil Procedure 23(b)(1). Absent a representative class action, members of the Classes would continue to suffer the harm described herein, for which they would have no remedy. Even if separate actions could be brought by individual consumers, the resulting multiplicity of lawsuits would cause undue burden and expense for both the Court and the litigants, as well as create a risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated purchasers, substantially impeding their ability to protect their interests, while establishing incompatible standards of conduct for Defendant. The proposed Classes thus satisfy the requirements of Fed. R. Civ. P. 23(b)(1). Counsel is experienced in the litigation of civil matters, including the prosecution of consumer protection class action cases.

50.     **Declaratory and Injunctive Relief** – Federal Rule of Civil Procedure 23(b)(2). Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other as described below, with respect to the members of the Classes as a whole. In particular, Plaintiff seeks to certify Classes to enjoin Defendant from selling or otherwise distributing the Products as labeled until such time that

CLASS ACTION COMPLAINT            12

Defendant can demonstrate to the Court's satisfaction that the Products confer the advertised benefits and are otherwise safe to use as intended

51.     Additionally, the Classes may be certified under Rule 23(b)(1) and/or (b)(2) because:

    a.  The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members of the Classes that would establish incompatible standards of conduct for the Defendant;

    b.  The prosecution of separate actions by individual members of the Classes would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other members of the Classes not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

    c.  Defendant has acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final and injunctive relief with respect to the members of the Classes as a whole.

**CAUSES OF ACTION**

**COUNT I**

**Unjust Enrichment**

**(On behalf of the Nationwide Class and, alternatively, the Subclass)**

52.     Plaintiff incorporates the allegations set forth in Paragraph 1- 51 as though set forth fully herein.

53.     Plaintiff, and the other members of the Classes, conferred benefits on Defendant in the form of monies paid to purchase Defendant's defective and worthless Products. These monies were no gifts or donations but were given in exchange for the Products.

CLASS ACTION COMPLAINT       13

54.     Defendant voluntarily accepted and retained these benefits.

55.     Because this benefit was obtained unlawfully, namely by selling and accepting compensation for Products unfit for human use, it would be unjust and inequitable for Defendant to retain the benefit without paying the value thereof.

56.     Defendant received benefits in the form of revenues from purchases of the Products to the detriment of Plaintiff, and the other members of the Classes, because Plaintiff, and members of the Classes, purchased mislabeled products that were not what Plaintiff and the Classes bargained for and were not safe and effective, as claimed.

57.     Defendant has been unjustly enriched in retaining the revenues derived from the purchases of the Products by Plaintiff and the other members of the Classes. Retention of those monies under these circumstances is unjust and inequitable because Defendant's labeling of the Products was misleading to consumers, which caused injuries to Plaintiff, and members of the Classes, because they would have not purchased the Products had they known the true facts.

58.     Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiff and members of the Classes is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the Nationwide Class for its unjust enrichment, as ordered by the Court.

## COUNT II

### Breach of Express Warranty

### On behalf of the Nationwide Class and, alternatively, the Subclass)

59.     Plaintiff incorporates the allegations set forth in Paragraphs 1- 51, as though set forth fully herein.

60.     Plaintiff, and each member of the Classes, formed a contract with Defendant at the time they purchased the Products.

CLASS ACTION COMPLAINT          14

61.     The terms of the contract include the promises and affirmations of fact, that the products were safe to use, made by Defendant on the Products' packaging and through marketing and advertising.

62.     This labeling, marketing, and advertising constitute express warranties and became part of the basis of the bargain and are part of the standardized contract between Plaintiff and the members of the Classes and Defendant.

63.     As set forth above, Defendant purports through its advertising, labeling, marketing, and packaging, to create an express warranty that the Product is safe for its intended use as sound machine, particularly for children.

64.     Plaintiff and the members of the Classes performed all conditions precedent to Defendant's liability under this contract when they purchased the Products.

65.     Defendant breached express warranties relating to the Products and their qualities because Defendant's Product possessed the capability to shock the users, even when correctly used, at the time of purchase and the Products do not conform to Defendant's affirmations and promises described above.

66.     Plaintiff and each of the members of the Classes would not have purchased the Products had they known the true nature of the risk of the Product shocking those who used the Products.

67.     As a result of Defendant's breach of warranty, Plaintiff and each Class Member suffered and continue to suffer financial damage and injury, and are entitled to all damages, in addition to costs, interest and fees, including attorneys' fees, as allowed by law.

///

///

///

CLASS ACTION COMPLAINT                15

## COUNT III

### Breach of Implied Warranty

### On behalf of the Nationwide Class and, alternatively, the Subclass)

68.     Plaintiff incorporates the allegations set forth in Paragraphs 1- 51, as though set forth fully herein.

69.     Defendant is a merchant and was at all relevant times involved in the manufacturing, distributing, warranting, and/or selling of the Products.

70.     The Products are "goods" under the relevant laws, and Defendant knew or had reason to know of the specific use for which the Products, as goods, were purchased.

71.     The implied warranty of merchantability included with the sale of each Product means that Defendant guaranteed that the Products would be fit for the ordinary purposes for which sound machines are used and sold and were not otherwise injurious to consumers. The implied warranty of merchantability is part of the basis for the benefit of the bargain between Defendant, and Plaintiff and the Class Members.

72.     Defendant breached the implied warranty of merchantability because the Products are not fit for their ordinary purpose of providing reasonably reliable and safe sound machine, particularly for children, because the Products have a risk of shocking the user. Therefore, the Products are not fit for their particular purpose.

73.     Defendant's warranty expressly applies to the purchaser of the Products, creating privity between Defendant and Plaintiff and Class Members.

74.     However, privity is not required because Plaintiff and Class Members are the intended beneficiaries of Defendant's warranties and its sale through retailers. Defendant's retailers were not intended to be the ultimate consumers of the Products and have no rights under the warranty agreements. Defendant's warranties

were designed for and intended to benefit the consumer only, including Plaintiff and Class Members.

75.   Defendant has been provided sufficient notice of its breaches of implied warranties associated with the Products. Defendant was put on constructive notice of its breach through its review of consumer complaints and other reports.

76.   Had Plaintiff, Class Members, and the consuming public known that the Products could shock them and cause physical harm, they would not have purchased the Products or would have paid less for them.

77.   As a direct and proximate result of the foregoing, Plaintiff and Class Members suffered and continue to suffer financial damage and injury, and are entitled to all damages, in addition to costs, interest and fees, including attorneys' fees, as allowed by law.

### <u>COUNT IV</u>

**Breach of Implied Warranty of Merchantability**

**On behalf of the Nationwide Class and, alternatively, the Subclass)**

78.   Plaintiff incorporates the allegations set forth in Paragraphs 1- 51, as though set forth fully herein.

79.   Plaintiff brings this claim against Defendant, on behalf of himself and the other members of the Nationwide Class, and, alternatively, the State subclass pled in Paragraph 39 (the "Classes").

80.   Defendant is a merchant engaging in the sale of goods to Plaintiff and the Classes.

81.   There was a sale of goods from Defendant to Plaintiff and the Classes.

82.   As the developer, manufacturer, marketer, distributor, and/or seller of the defective Products, Defendant impliedly warranted to Plaintiff and the Classes that its Products were fit for their intended purpose in that they would be safe for

CLASS ACTION COMPLAINT            17

Plaintiff and the Classes to use as a safe sound machine. Contrary to these representations and warranties, the Products were not fit for their ordinary use, and did not conform to Defendant's affirmations of fact and promises as use of the packaging.

83.     Defendant breached the implied warranty in the contract for the sale of the Products by knowingly selling to Plaintiff and the Classes a product that Defendant knew would expose Plaintiff and the Classes to health risks, thus meaning Defendant knew that the Products were not fit for their intended purpose as safe to use sound machine.

84.     Defendant was on notice of this breach, as they were made aware of the adverse health effects caused by risk of shock hazard that can result from the use of their Products.

85.     Plaintiff and the Classes did not receive the goods as bargained for because the goods they received were not merchantable as they did not conform to the ordinary standards for goods of the same average grade, quality, and value.

86.     Plaintiff and members of the Classes are the intended beneficiaries of Defendant's implied warranties.

87.     The Products were not altered by Plaintiff or the members of the Classes.

88.     Plaintiff and members of the Classes used the Products in the ordinary manner in which such sound machines were intended to be used.

89.     The Products were defective when they left the exclusive control of Defendant.

90.     The Products were defectively designed and/or manufactured and unfit for their intended purpose as safe to use sound machine, and Plaintiff and members of the Classes did not receive the goods that they bargained for.

CLASS ACTION COMPLAINT                     18

91.     Plaintiff and members of the Classes purchased the Products that contained the defect, which was undiscoverable by them at the time of purchase and at any time during the class period.

92.     As a result of the defect in the Products, Plaintiff and members of the Classes have suffered damages including, but not limited to, the cost of the defective product, loss of use of the product and other related damage.

93.     Defendant breached the implied warranty of merchantability to the Plaintiff and Class members.

94.     Thus, Defendant's attempt to limit or disclaim the implied warranties in a manner that would exclude coverage of the Defect is unenforceable and void.

95.     Plaintiff and Class members have been damaged by Defendant's breach of the implied warranties.

96.     Plaintiff and Class members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relied, as well as costs and attorneys' fees, available under law.

## COUNT V

### Fraudulent Concealment

### (On behalf of the Nationwide Class and, alternatively, the Subclass)

97.     Plaintiff incorporates the allegations set forth in Paragraphs 1- 51, as though set forth fully herein.

98.     Plaintiff brings this claim against Defendant, on behalf of himself and the other members of the Nationwide Class, and, alternatively, the State subclass pled in Paragraph 39 (the "Classes").

99.     Defendant had a duty to disclose material facts, at the time of sale, to Plaintiff and the Classes given their relationship as contracting parties and intended users of the Products.

100.   Defendant also had a duty to disclose material facts to Plaintiff and the Classes, namely that it was in fact manufacturing, distributing, and selling harmful products unfit for human use, rendered inherently unfair.

101.   During this time, Plaintiff, and members of the Classes, were using the Products without knowing the Products could shock the user of the sound machine.

102.   Defendant failed to discharge its duty to disclose these materials facts.

103.   In so failing to disclose these material facts to Plaintiff and the Classes, Defendant intended to hide from Plaintiff and the Classes that they were purchasing and consuming the Products with harmful defects that was unfit for human use, and thus acted with scienter and/or an intent to defraud.

104.   Plaintiff and the Classes reasonably relied on Defendant's failure to disclose insofar as they would not have purchased the defective Products manufactured and sold by Defendant had they known they possessed this risk shock hazard.

105.   As a direct and proximate cause of Defendant's fraudulent concealment, Plaintiff, and the Classes, suffered damages in the number of monies paid for the defective Products.

106.   As a result of Defendant's willful and malicious conduct, punitive damages are warranted.

///

///

///

///

CLASS ACTION COMPLAINT                    20

**COUNT VI**

**Strict Liability- Failure to Warn**

**(On behalf of the Nationwide Class and, alternatively, the Subclass)**

107.   Plaintiff incorporates the allegations set forth in Paragraphs 1- 51, as though set forth fully herein.

108.   Plaintiff brings this claim against Defendant, on behalf of himself and the other members of the Nationwide Class, and, alternatively, the State subclass pled in Paragraph 39 (the "Classes").

109.   Defendant had a duty to warn Plaintiff and the Class members regarding the Defect, that being risk of shock hazard, with the Products.

110.   Defendant was in a superior position to know of the Defect, yet as outlined above, chose to do nothing when the defect became known to them.

111.   Defendant failed to provide adequate warnings regarding the risks of the Products after knowledge of the Defect was known only to them.

112.   Defendant had information regarding the true risks but failed to warn Plaintiff and members of the Classes to strengthen their warnings.

113.   Despite their knowledge of the Defect and obligation to unilaterally strengthen the warnings, Defendant instead chose to actively conceal this knowledge from the public.

114.   Plaintiff and members of the Classes would not have purchased, chosen, and/or paid for all or part of the Products if they knew of the Defect and the risks of purchasing the Products.

115.   This Defect proximately caused Plaintiff's and Class members' damages.

116.   The Plaintiff and Class members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other

CLASS ACTION COMPLAINT          21

damages and other legal and equitable relief, as well as costs and attorneys' fees, available under law.

<u>**COUNT VII**</u>

**Strict Liability- Design Defect**

**(On behalf of the Nationwide Class and, alternatively, the Subclass)**

117.   Plaintiff incorporates the allegations set forth in Paragraphs 1- 51, as though set forth fully herein.

118.   Plaintiff brings this claim against Defendant, on behalf of himself and the other members of the Nationwide Class, and, alternatively, the State subclass pled in Paragraph 39 (the "Classes").

119.   The design of the Products was defective and unreasonably dangerous.

120.   The risk of shock hazard contained within the Products creates unreasonable danger.

121.   The design of the Products rendered them not reasonably fit, suitable, or safe for their intended purpose.

122.   The risk of shock hazard contained within the Products outweighed the benefits and rendered the Products unreasonably dangerous.

123.   There are other Products and other similar sound machines that do not pose the risk of shock hazard, meaning that there were other means of production available to Defendant.

124.   The Products were unreasonably unsafe, and the Products should have had stronger and clearer warnings or should not have been sold in the market.

125.   The Products did not perform as an ordinary consumer would expect.

126.   Plaintiff and Class members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other

CLASS ACTION COMPLAINT                    22

damages and other legal and equitable relief, as well as cost and attorneys' fees, available under law.

## COUNT VIII

### Negligent Failure to Warn

### (On behalf of the Nationwide Class and, alternatively, the Subclass)

127.   Plaintiff incorporates the allegations set forth in Paragraphs 1- 51, as though set forth fully herein.

128.   Plaintiff brings this claim against Defendant, on behalf of himself and the other members of the Nationwide Class, and, alternatively, the State subclass pled in Paragraph 39 (the "Classes").

129.   Defendant owed Plaintiff and Class members a duty of care and to warn of any risks associated with the Products.

130.   Defendant knew or should have known of the defect but failed to warn Plaintiff and members of the Classes.

131.   Plaintiff had no way of knowing of the Product's latent defect as an ordinary consumer could shock the user.

132.   Defendant's breach of duty caused Plaintiff and Class members economic damages and injuries in the form of lost value due to risk of shock hazard.

133.   Plaintiff and Class members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as cost and attorneys' fees, available under law.

///

///

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COUNT IX

### Negligent Design Defect

### (On behalf of the Nationwide Class and, alternatively, the Subclass)

134.   Plaintiff incorporates the allegations set forth in Paragraphs 1- 51, as though set forth fully herein.

135.   Plaintiff brings this claim against Defendant, on behalf of himself and the other members of the Nationwide Class, and, alternatively, the State subclass pled in Paragraph 39 (the "Classes").

136.   Defendant owed Plaintiff and the Classes a duty to design the Products in a reasonable manner.

137.   The design of the Products was defective and unreasonably dangerous, causing exposure to materials with possibly harmful effects. Thus, the Products are now worthless.

138.   The design of the Products caused them to be not fit, suitable, or safe for their intended purpose. The dangers of the Products outweighed the benefits and rendered the products unreasonably dangerous.

139.   There are other sound machines that do not shock the users.

140.   The risk/benefit profile of the Products was unreasonable, and the Products should have had stronger and clearer warnings or should not have been sold in the market.

141.   The Products did not perform as an ordinary consumer would expect.

142.   The Defendant's negligent design of the Products was the proximate cause of damages to the Plaintiff and the Class members.

143.   Plaintiff and Class members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other

CLASS ACTION COMPLAINT          24

damages and other legal and equitable relief, as well as cost and attorneys' fees, available under law.

## COUNT X

### Negligence

**(On behalf of the Nationwide Class and, alternatively, the Subclass)**

144.   Plaintiff incorporates the allegations set forth in Paragraphs 1- 51, as though set forth fully herein.

145.   Defendant owed a duty to consumers to produce a product that was safe for its intended use.

146.   Defendant breached this duty by producing a product that was dangerous for its intended use. Defendant knew or should have known that the sound machine with a defective power adapter would cause injuries once exposed to humans and thus be worthless as a safe-to-use sound machine.

147.   As a direct result of this breach, Plaintiff suffered injury in that Plaintiff has been deprived of their benefit of the bargain. Plaintiff's injuries were caused in fact by Defendant's breach. But for Defendant's negligent manufacture and improper oversight, Plaintiff would not have been injured.

148.   Further, Plaintiff's injuries were proximately caused by Defendant's breach. It is foreseeable that a poorly designed sound machine with a defective power adapter would cause injury, and it is foreseeable that a user would lose their benefit of the bargain if they purchased a dangerous and worthless sound machine.

149.   Plaintiff and Class members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as cost and attorneys' fees, available under law.

///

CLASS ACTION COMPLAINT        25

# COUNT X

## Violation of California's Unfair Competition Law

## California Business and Professions Code §17200, et seq.

### (On behalf of the Nationwide Class and, alternatively, the Subclass)

150.   Plaintiff incorporates the allegations set forth in Paragraphs 1- 51, as though set forth fully herein.

151.   California's Unfair Competition Law (UCL) prohibits "any lawful, unfair or fraudulent business act or practice…" Cal. Bus. & Prof. Code §17200. Defendant's acts and practices were unfair in that (i) they were immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers; (ii) they harmed consumers in a manner far outweighing any legitimate utility of their conduct; (iii) the injury was not one that consumers reasonably could have avoided; and (iv) they were contrary to legislatively declared and public policy.

152.   Defendants engaged in unlawful, fraudulent and unfair business practices.

153.   Defendants engaged in unlawful, fraudulent and unfair business practices.

154.   Defendant's misconduct constituted unlawful business acts or practices within the meaning of the UCL.

155.   Plaintiffs and Classes suffered actual harm, damages and economic losses and Plaintiffs and the Classes will continue to suffer such harm, damages and economic loss in the future.

156.   Defendant's misconduct was a substantial factor in causing and proximately caused Plaintiff's and the Classes actual harm, damages and economic loss in the future.

CLASS ACTION COMPLAINT                    26

157.   Defendant's conduct was reckless and a willful disregard of the rights and interest of Plaintiffs and the Classes. Defendants acted intentionally, maliciously and oppressively, with a willful and conscious disregard of the rights of Plaintiffs and the Classes so as to constitute oppression, fraud or malice under the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff individually and on behalf of the other members of the Classes alleged herein, respectfully requests that the Court enter judgment in his favor and against Defendant as follows:

a.  For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representatives for the Classes and Plaintiff's attorney as Class Counsel;

b.  For an order declaring the Defendant's conduct violates the causes of action referenced herein;

c.  For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

d.  For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e.  For prejudgment interest on all amounts awarded;

f.  For an order of restitution and all other forms of equitable monetary relief;

g.  For injunctive relief as pleaded or as the Court may deem proper; and;

h.  For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all claims in this Complaint and of any and all issues in this action so triable as of right.

CLASS ACTION COMPLAINT          27

Respectfully submitted,

Dated: July 25, 2024

By: */s/ Eric M. Poulin*
**POULIN | WILLEY ANASTOPOULO, LLC**
Eric M. Poulin (California State Bar No. 298476)
*eric.poulin@poulinwilley.com*
Paul J. Doolittle (*Pro Hac Vice* Forthcoming)
*paul.doolittle@poulinwilley.com*

32 Ann Street
Charleston, SC 29403
Telephone: (803) 222-2222
Fax: (843) 494-5536

AND
**YANNI LAW APC**
John C. Bohren (California State Bar No. 295292)
145 South Spring Street, Suite 850
Los Angeles, CA 90012
Telephone: (619) 433-2803
Fax: (800) 867-6779
yanni@bohrenlaw.com
*Attorneys for Plaintiffs*

*Attorneys for Plaintiffs*

CLASS ACTION COMPLAINT          28